Dear Marshal Achord:
This office is in receipt of your request for an opinion of the Attorney General in regard to workmen's compensation insurance for your deputies. You indicate you have four full time and two part time deputies, and as the elected Marshal you are chief court official. You ask whether you are responsible for the deputies's workmen's compensation insurance or if this is the responsibility of the judge of the city court.
In Atty. Gen. Op. No. 93-679 the question was presented whether the City of Monroe was obligated to pay compensation of the deputy marshal. This office recognized that R.S. 23:1021, et seq, provides that a city, as a political subdivision, is responsible in compensation for injuries suffered by "its employees", but that R.S. 23:1034 excepts from coverage "an official of the state or a political subdivision". It was observed that a political subdivision is liable for compensation if it is determined that the political subdivision is the statutory employer. A consideration in making this decision is that a statutory employer enjoys the right of control and supervision over the employee. The factors to be considered in determining the right of control and supervision are the selection and engagement of the worker, the payment of wages of the worker, and the power to control and dismiss.
This officer further noted in that opinion that in Cloud v.State, 420 So.2d 1259 (La.App. 1982), certdenied, 432 So.2d 1166, the court held a deputy coroner was a public official excluded from coverage, but there was no jurisprudence addressing the issue whether a deputy marshal is a public official. However, it was also noted in the opinion that a political subdivision may, in its own discretion, provide workers' compensation coverage for its officials in addition to providing such coverage for its employees. In that opinion this office concluded it was inappropriate for this office to make factual conclusions concerning the workmen's compensation payment of the marshal's injured deputy, stating it was better left for administrative or juridical determination.
In accordance with R.S. 13:1881 you may appoint one or more deputies who shall have the same powers and authority as you, and you shall be responsible for their actions. By Act 168 of 1986 the marshal no longer has to have the approval of the city judge for the appointments. The statute further provides the compensation is fixed and paid by the governing authority, but permits the city marshal to use funds available for expenses of his office to pay an amount in excess of the fixed salary.
Since the conclusion of responsibility for the workmen's compensation for deputies is based on factual information we do not have, we cannot answer your question. However, we have set forth guidelines which should be considered in reaching a decision whether the city court, the city, or you are responsible for workmen's compensation for deputies by considering who hires and fires, who pays the wages, who controls and supervises the individual and are you covered by workmen's compensation. This should be discussed with your administrative officials in the light of the guidelines.
We hope this has been of assistance.
 Sincerely yours, Attorney General
 By: _______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR